[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 9, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16301
Non-Argument Calendar

_____

D. C. Docket No. 00-00152-CR-01-JOF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY MEDRANO RIVERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 9, 2006)

Before TJOFLAT, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Johnny Medrano Rivera appeals his sentence of 18 months of imprisonment

for violation of the terms of his supervised release when he was found to be in the United States illegally. Rivera argues that his sentence is unreasonable. We affirm.

Rivera, a citizen of El Salvador, pleaded guilty in federal district court in Georgia in April 2000, to unlawful reentry of a deported alien. 8 U.S.C. § 1326(b). He was sentenced to 57 months of imprisonment and three years of supervised release with the special condition that he not be found in the United States illegally or violate the law. Upon the completion of his term of imprisonment, Rivera was deported to El Salvador.

Rivera reentered the United States in April 2005, and he was arrested in Texas where he was convicted of illegal reentry and sentenced to 20 months of imprisonment. Rivera was then taken to federal district court in Georgia where he admitted that he violated the special conditions of his supervised release by reentering the United States illegally. The United States requested a 24-month sentence consecutive to the sentence imposed in Texas. Rivera requested mitigation of his sentence on the following four grounds: (1) the district court in Texas had imposed a 20-month sentence for Rivera's 2005 illegal reentry; (2) Rivera entered the United States out of fear of threats by individuals who had killed his father and brother; (3) the sentencing guidelines are advisory post-<u>United</u>

States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005); and (4) Rivera had immediately surrendered himself to border patrol agents upon his illegal reentry in 2005.

The district court observed that Rivera had been deported three times and this was his second illegal reentry after deportation. The district court also expressed concern that Rivera's sentence for his second illegal reentry would be shorter than the sentence for his first illegal reentry. The district court imposed an 18-month sentence on Rivera for violation of his supervised release to be served consecutive to his 20-month sentence for illegal reentry imposed by the district court in Texas.

Our review of a sentence for reasonableness is deferential. United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005). The burden is on Rivera to establish that his sentence is unreasonable. Id. at 788. At sentencing, the district court must consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. 3553(a)(1).

Rivera argues that his 18-month sentence for revocation of his supervised release is unreasonable for two reasons. First, Rivera argues that the consecutive sentence is unreasonable because he had already been punished by the district court in Texas for his illegal reentry and that he had accepted responsibility for that

3

reentry. Second, Rivera argues that he engaged in no new criminal activity after his reentry, he surrendered to the border patrol immediately upon crossing the border, and he returned to the United States to escape the threats against him in El Salvador.

Rivera's arguments fail. It was reasonable for the district court to impose a sentence on Rivera consecutive to his sentence for his second illegal reentry. United States v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006). At the sentencing hearing, the district court considered factors surrounding Rivera's offense and his history and characteristics. The district court explicitly considered, but did not give credence to, Rivera's explanation that he fled to the United States because of threats against him. The district court also commented that Rivera was on a "merry-go-round" of conviction for illegal reentry, deportation, and later illegal reentry. Although the district court did not address each of the mitigating facts raised by Rivera, the district court need not state specifically that it has considered each factor or discuss each factor individually. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

**AFFIRMED.**